UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALLEN TONY DAVIS,

    Plaintiff,

v.

    Case No. 14-cv-1413-pp

SCOTT WALKER, *et al.*,

    Defendants.

---

**DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, GRANTING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT, SCREENING SECOND AMENDED COMPLAINT UNDER 28 U.S.C. § 1915A, STRIKING SECOND AMENDED COMPLAINT, GRANTING PLAINTIFF'S MOTION TO CHANGE CASE CAPTION, AND DIRECTING PLAINTIFF TO FILE A THIRD AMENDED COMPLAINT BY MAY 13, 2015**

---

The *pro se* plaintiff is a Wisconsin state prisoner. He has filed a civil rights action under 42 U.S.C. § 1983 and paid the full filing fee.

Federal law requires courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In this case, the plaintiff has filed an original complaint, an amended complaint, and a proposed second amended complaint. In his motion to amend, filed along with the proposed second amended complaint, the plaintiff asserts that he has reduced and refined the prior complaints from thirty-three to thirteen pages, and from twenty defendants down to three defendants. The court will grant the plaintiff's motion to file the second amended complaint, and has reviewed the proposed

1

second amended complaint. The plaintiff also has filed a motion to change the case caption based on the second amended complaint. The court will grant this motion.

### Dismissal of the Second Amended Complaint, With Leave to File a Third Amended Complaint

The court must dismiss a complaint, or part of it, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory, or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic*

2

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in *Twombly*. First, they "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court then must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s): 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also*

*Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the second amended complaint, the plaintiff is incarcerated at Green Bay Correctional Institution (GBCI). The defendants are: Wisconsin Department of Corrections (DOC) Bureau of Health Services Director James Greer; former GBCI Registered Nurse Ranee; and former GBCI Registered Nurse Kathy Lemens. The second amended complaint makes three separate constitutional medical care claims, one against each defendant.

First, the plaintiff alleges that on August 1, 2009, Director Greer changed the DOC's mattress policy, which prevented the plaintiff from using a medically necessary second mattress. Doctors had previously ordered that the plaintiff use a second mattress for his head, neck, and back pain. Institution staff removed the plaintiff's second mattress due to the new policy and, as a result, the plaintiff alleges that he suffered from headaches, pain from his neck and back injuries, muscle spasms, and significant loss of sleep.

Second, the plaintiff alleges that on November 24, 2010, Nurse Ranee knowingly used a contaminated catheter on the plaintiff. The contaminated catheter caused a staph infection in the plaintiff's testicles.

Third, the plaintiff alleges that on December 2, 2010, Nurse Lemens directed the plaintiff to use hemorrhoid "ointment" on his hemorrhoids, despite knowing that the plaintiff is allergic to ointment. Nurse Lemens told the

4

plaintiff that people "grow out of allergies" and that he should use the ointment. The plaintiff followed Nurse Lemens' instructions and used the ointment. As a result, he suffered an allergic reaction and required emergency medical treatment.

The plaintiff claims that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. He seeks declaratory relief, injunctive relief, and monetary damages.

The allegations in the second amended complaint implicate the plaintiff's rights under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Based on the court's reading of the second amended complaint, however, it appears that the plaintiff is improperly attempting to bring unrelated claims in a single case. That is, the plaintiff's three medical care claims are against different defendants and do not appear to be related.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit considered a case in which a prisoner had joined 24 defendants and 50 claims in one lawsuit. *Id.* at 606. The court first looked at Fed. R. Civ. P. 18(a), which provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." The court found that while "multiple claims against a single party are fine," "[u]nrelated claims against different defendants belong in different suits," to prevent confusion, and to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation

5

Reform Act. *Id.* at 607. The court held, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.*

The *George* court also reminded district courts that Fed. R. Civ. P. 20 applies as much to prisoner cases as it does to any other case. *Id.* at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all ]defendants] will arise in the action."

The court finds that the second amended complaint violates Rules 18 and 20, because it advances unrelated claims against different defendants. Specifically, the plaintiff's three claims belong in separate lawsuits, because they advance three unrelated claims, each of which relates to only one of the three different defendants. Accordingly, the court will strike the second amended complaint.

The court will, however, allow the plaintiff to file a third amended complaint, incorporating only one of his three claims. He must bring any unrelated claims that he doesn't bring in the third amended complaint in a separate law suit or law suits. If the plaintiff files a third amended complaint, it will replace the original and previously amended complaints, and the court will screen that third amended complaint in accordance with 28 U.S.C. § 1915A.

Motion for Appointment of Counsel

The plaintiff has filed a motion for appointment of counsel. He asserts that his medical care claims will require expert testimony, that there are hundreds of others with the same claim and thus that a class will benefit if the plaintiff has counsel, that he is indigent, and that he has asked several attorneys to take his case but that none have agreed.

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

The plaintiff states he has asked several attorneys to take his case, but that he has been unsuccessful in finding an attorney on his own. The court requires that, in order for a plaintiff to demonstrate that he has made a "reasonable effort" to hire a lawyer on his own, the plaintiff must provide the

court with the names of at least three attorneys he contacted. In this case, the plaintiff has not done that, and as a consequence, the court has no way of knowing whether the plaintiff made a "reasonable effort" to hire a lawyer on his own.

Even if the plaintiff had provided the court with a list of three names of attorneys, however, the court would not grant his motion for appointment of counsel at this point in the case. The court has directed the plaintiff to file a third amended complaint. The plaintiff's filings in the case thus far reveal that he is competent to do that. Accordingly, at this point, the court will deny the plaintiff's motion for *pro bono* counsel, without prejudice.

Therefore, court **DENIES** the plaintiff's motion for appointment of counsel (ECF No. 3) **WITHOUT PREJUDICE**.

The court further **GRANTS** the plaintiff's motion to file second amended complaint (ECF No. 9).

The court further **ORDERS** that the second amended complaint is **STRICKEN**.

The court further **GRANTS** the plaintiff's motion to change case caption (ECF No. 10).

The court further **ORDERS** that the plaintiff shall file a third amended complaint by **May 13, 2015**, which contains only related claim(s) in accordance with this Order.

The court further **ORDERS** that the court may dismiss this case without prejudice for failure to prosecute if the plaintiff does not file, by **May 13, 2015**,

a third amended complaint that complies with the requirements of Fed. R. Civ. P. Rules 18 and 20.

The court further **ORDERS** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

Dated at Milwaukee this 21st day of April, 2015.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Court Judge**