ALLEN TONY DAVIS,

        Plaintiff,

v.                                                  **Case No. 14-cv-1413-pp**

JAMES GREER,

        Defendant.

## DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL

On November 10, 2014, Allen Tony Davis, a *pro se* plaintiff, filed a civil rights action under 42 U.S.C. §1983. On May 15, 2015, the court screened the plaintiff's third amended complaint and denied his second motion for the appointment of counsel. (ECF. No. 15.) The court mailed the order to Mr. Davis; however, the order was returned to the clerk's office as undeliverable on May 26, 2015. (ECF No. 16.) The clerk's office since has corrected the address and re-mailed the order to the plaintiff. (*Id.*) In the meantime, however, the plaintiff has filed an addendum to his second motion for the appointment of counsel. (ECF No. 18.) Because it is likely that the plaintiff did not receive the court's May 15, 2015 order denying his second motion for the appointment of counsel before he filed this addendum, the court will construe the addendum as a third motion for the appointment of counsel.

In this most recent motion, the plaintiff says that he is going to need medical records to support his claims, and that defendants have denied him

1

access to make copies of the necessary medical records. The plaintiff indicates that he is indigent and applied for a legal loan from the institution where he is incarcerated—Green Bay Correctional Institution ("GBCI"). He indicates, however, that even though he signed a consent allowing disclosure of the medical information to the defendants, and even though he followed the GBCI procedure for requesting the records, GBCI has denied his request for copies. He explains that because he has been incarcerated for twenty-one years, it took him some three months to review his entire file (he appears to feel that this may have something to do with why GBCI has not allowed him to copy the records). The plaintiff indicates that if the court were to appoint him a lawyer, the lawyer would be charged for the copies, and he wouldn't have to use his legal loan (which GBCI won't let him use for this purpose anyway) to get the copies.

Given that this is the plaintiff's third motion for the appointment of counsel, he is well acquainted with the standard the court employs when evaluating whether to recruit a lawyer to represent him *pro bono*. The court already has acknowledged that the plaintiff has made a "reasonable effort" to hire a lawyer on his own; thus, the court considers only "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform

other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

The plaintiff has demonstrated that he is capable of performing the tasks that attend these early stages of litigation: He has clearly articulated his legal theories (which are not complex) and the facts upon which those theories are based, he has reviewed his medical records, he has identified relevant records that support his claims, and he has corresponded with the defendants' counsel in an effort to resolve his challenges. In fact, the only new challenge plaintiff has identified is his inability to access his legal loan funds to make copies of his medical records. While this may be frustrating to the plaintiff, at this early stage of the litigation, he does not need to have, in his possession, physical copies of the medical records. The defendants have not even responded to the recently screened complaint. The court already has found that the plaintiff has alleged sufficient facts to proceed with his claim that he has a serious medical need and that the defendants were deliberately indifferent to that need; he doesn't need the records to be allowed to proceed. The defendants may respond in such a way that the medical records are not necessary; the court won't know that until the defendants respond. If, later in the case, it looks as though the plaintiff may reach the point where he needs the copies of his medical records, the court will consider an appropriate motion from him seeking to get those copies.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's addendum to his second motion (*i.e.*, his third motion) for appointment of counsel (ECF No. 18).

Dated at Milwaukee this 4th day of June, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Court Judge