UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALLEN TONY DAVIS,

                Plaintiff,

v.                                   Case No. 14-cv-1413-pp

JAMES GREER,

                Defendant.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR
NEW TRIAL OR ALTERING OR AMENDING JUDGMENT (DKT. NO. 59)**

---

The court granted the defendant's motion for summary judgment on December 30, 2015, dkt. no. 51, and entered judgment on January 3, 2017, dkt. no. 52. Almost three months later, the plaintiff filed a motion asking the court for an order altering or amending the judgment under Federal Rule of Civil Procedure 59.[1] Dkt. No. 59. The plaintiff acknowledges that his motion is untimely, but he asks the court to consider it because he alleges that his lawyer did not get a copy of the court's summary judgment decision to him until January 27, 2017. The court cannot grant that request.

Fed. R. Civ. Pro. 59(e) requires a party seeking to alter or amend a judgment to file his motion no later than twenty-eight days after the entry of judgment. Fed. R. Civ. Pro. 6(b)(2) makes clear that a court "must not" extend the time to act under Rule 59(e). Here, the court entered judgment on January 3, 2017; the deadline for the defendant to file a Rule 59(e) motion was January

---

[1] The plaintiff captioned his motion as a motion for new trial, but there was no trial in this case.

1

31, 2017[2], but the court did not receive the defendant's motion until eighty days after it entered judgment. The court cannot consider the plaintiff's Rule 59(e) motion, because it was untimely.

Under certain circumstances, Fed. R. Civ. Pro. 60(b) authorizes a court to relieve a party from a final judgment. Rule 60(b) requires a party to file such a motion within a reasonable time—generally no more than one year after the entry of judgment. The plaintiff filed his motion well within that timeframe. The court will construe the plaintiff's motion as a motion for relief from judgment pursuant to Rule 60(b).

The plaintiff argues that his attorney erred when he failed to dispute the defendant's proposed findings of fact. Dkt. No. 59 at 1-2. He also asserts that he has additional facts that his attorney should have presented to the court. Id. at 2.

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)). Rule 60(b)(1) allows a court to relieve a party from judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect. Rule 60(b)(6) also allows a court to relieve a party from judgment for "any other reason that justifies relief."

---

[2] The plaintiff attached the letter from his lawyer. The lawyer, for some reason, did not mail the plaintiff the court's decision until January 25, 2017—three weeks after the court entered judgment. Dkt. No. 59-1. The letter notified the defendant that the deadline for filing a notice of appeal was February 3, 2017—eight days after the date on counsel's letter.

The plaintiff cannot prevail under Rule 60(b)(1) because "generally attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant and regardless of the attorney's degree of culpability." Longs v. City of South Bend, 201 Fed. App'x 361, 364 (7th Cir. 2006). Nor can he prevail under Rule 60(b)(6), because that rule is "unavailable when attorney negligence or other attorney misconduct is at issue." Id. The proper remedy for a claim of attorney negligence is for the client to file a malpractice case against the attorney. Id. (citations omitted).

The plaintiff may not proceed under Rule 59 because that relief is no longer available. To the extent the plaintiff seeks to proceed under Rule 60, the court denies his motion because he has not satisfied that rule's standards for relief.

The court **DENIES** the plaintiff's motion for a new trial or altering or amending judgment. Dkt. No. 59.

Dated in Milwaukee, Wisconsin this 22nd day of May, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge