UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALLEN TONY DAVIS,

        Plaintiff,

v.                                                                   Case No. 14-cv-1413-pp

JAMES GREER,

        Defendant.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT (DKT. NO. 69)

On December 30, 2016, the court granted the defendant's motion for summary judgment, dkt. no. 51, and the court entered judgment on January 3, 2017, dkt. no. 52. Almost three months later, the plaintiff filed a motion asking the court for an order altering or amending the judgment. Dkt. No. 59. The court construed this motion as a motion for relief from judgment under Fed. R. Civ. Pro. 60(b), and denied it on May 22, 2017, dkt. no. 68.

Nearly four months later, the plaintiff filed another motion seeking relief from judgment. Dkt. No. 69. The plaintiff acknowledges that Rule 60(b) relief is an extraordinary remedy and that courts grant it only in exceptional circumstances. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (quoting Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)). Relying on Rule 60(b)(3), however, the plaintiff argues that the defendant (and others making statements in support of the defendant) made

1

misrepresentations to the court that justify this extraordinary remedy. The court disagrees.

A party asking for relief under Rule 60(b)(3) "must show that he had a meritorious claim that he could not fully and fairly present . . . due to his opponent's fraud." <u>Venson v. Altamirano</u>, 749 F.3d 641, 652 (7th Cir. 2014). Here, the plaintiff identifies a number of allegedly false statements in declarations that the defendant submitted in support of his motion for summary judgment. For example, the plaintiff argues that Holly Gunderson and the defendant stated that the "new" mattresses were of better construction than the older pink mattresses, in support of their arguments that inmates no longer required double mattresses. Dkt. No. 69 at 5-7. The plaintiff asserts that this statement (and others like it) were misleading, because the plaintiff already had one of the "new" mattresses when his doctor ordered that he be allowed to use a double mattress indefinitely. <u>Id.</u> at 10-11.

Whether the plaintiff's assertions are true, he had the information at the time he responded to the defendant's motion. He could have brought up all of this information at the time he filed his response to the motion for summary judgment, but he didn't. Rule 60(b)'s extraordinary remedy is not available to parties who want to make additional arguments that they could have made

earlier, but didn't.

The court **DENIES** the plaintiff's motion for relief from final judgment. Dkt. No. 69.

Dated in Milwaukee, Wisconsin this 22nd day of November, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**
